UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AUSTIN HERRON, <br><br> Plaintiff, <br><br> v. <br><br> NATHANAL ANGLE, HYATT, and MIAMI CORRECTIONAL FACILITY, <br><br> Defendants. | CAUSE NO. 3:21-CV-841-JD-MGG |

OPINION AND ORDER

Austin Herron, a prisoner without a lawyer, filed a complaint, alleging that defendants have failed to keep him safe at Miami Correctional Facility. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the complaint does not state a claim because Herron does not allege that any of the named defendants were aware of a substantial risk to him.

Under the Eighth Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008).

But, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Id*. Therefore, a failure to protect claim cannot be based "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). To state a claim for failure to protect, the plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). "[A]n official is not liable if he takes reasonable measures to abate the known risk," even if that risk was not averted. *Balsewicz v. Pawlyk*, 963 F.3d 650, 655 (7th Cir. 2020).

Herron alleges that he was safe in administration segregation, where he was placed after being constantly attacked in general population. But he was released from segregation after only 30 days, despite filling out a protective custody report detailing all the attacks that he had suffered before his placement in segregation.

Herron then details several moves that followed. First, he was moved to L-Dorm over his objections. There, he says he was constantly attacked, his food was frequently stolen, and he was forced to hold weapons for members of the Aryan Brothers. He submitted a PC request and was moved to K-Dorm, again over his objections that he was not safe there. When he arrived, he submitted another protective custody request and was moved to J-Dorm. Herron contends J-Dorm wasn't any safer, and he requested PC paperwork. But before he could submit it, an offender affiliated with the Gangster Disciples threatened him, and later, an unidentified inmate poured a cup of scalding

hot water into his cell and burned his face. Herron told the officer on the unit and received medical attention. He then submitted a PC request and was placed back in administrative segregation.

Herron names three defendants—UTM Nathanal Angle, Warden Hyatte, and Miami Correctional Facility—but the complaint does not state a claim against any of them. Miami Correctional Facility is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). As to the other defendants, neither is mentioned in the body of the complaint and therefore the complaint does not allege either had knowledge of the specific risks to Herron. Liability under 42 U.S.C. § 1983 is predicated on personal involvement. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). This means that Herron must identify in his complaint the specific risks to him and who he communicated these risks to. The prison official who knew of the risk but did not reasonably address it could be held liable. But supervisors or other high ranking officials are not liable for the harm Herron suffered by virtue of their position in the prison unless they were also aware of the risk to him. *See Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

"[A] factfinder could typically infer an official's knowledge [of a risk] from evidence that the inmate complained to the official about a specific threat to [his] safety—so long as the complaint 'identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant,' as opposed to a complaint that 'convey[s] only a generalized, vague, or stale concern about one's safety.'" *Balsewicz*, 963 F.3d at 655 (quoting *Gevas v. McLaughlin*, 798 F.3d 475, 480-81 (7th Cir. 2015)

3

(alteration in original)). But the risk need not be from a pre-identified assailant to state a claim. A plaintiff can allege a substantial risk by establishing that the assailant had "known propensities of violence toward a particular . . . class of individuals" that included the plaintiff. *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005) (quotation marks omitted). Alternatively, a plaintiff can show that he is at a particular risk of violence because he is a "member[] of an identifiable group" that is likely to be targeted in prison. *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (quoting *Walsh v. Mellas*, 837 F.2d 789, 793 (7th Cir. 1988). The current complaint does not explain why Herron was at a substantial risk of harm or identify who at the prison was aware of this risk.

This complaint does not state a claim for which relief can be granted. Nevertheless, Herron may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DISMISSES Miami Correctional Facility;

(2) GRANTS Austin Herron until **February 16, 2022**, to file an amended complaint; and

(3) CAUTIONS Austin Herron if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on January 12, 2022.

> s/ JON E. DEGUILIO
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT